UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANEE M. FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19CV42 SPM |
| | ) | |
| DEPARTMENT OF DEFENSE, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Janee M. Fuller for leave to proceed herein in forma pauperis. Having reviewed the financial information submitted in support of the motion, the Court has determined that plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. In addition, based upon a review of the complaint, the Court finds that it must be dismissed as factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless." *Denton*, 504 U.S. at 32-33. Allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Id.*

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law.

*Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violation of her civil rights. She alleges that she was illegally implanted with an "MK Ultra" (mind control) electronic device by Raymond Kinchen, Jr. for research purposes. She is suing the Department of Defense because she believes the Department violated her right to privacy through Mr. Kinchen.

Plaintiff asserts that she attempted to reach out to various law enforcement agencies to report the "subliminal messages" that occurred as a result of the electronic device, but that she was turned away. She also states that she attempted to get a restraining order against Mr. Kinchen but that she was unsuccessful. Plaintiff seeks monetary damages and injunctive relief.

The Court finds the factual allegations in the complaint to be delusional and fanciful, and therefore clearly baseless. *See Denton*, 504 U.S. at 32-33. The Court therefore concludes that this action is factually frivolous, and will dismiss it as such. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice because it is factually frivolous. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of January, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE